FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 15 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ANN WISEMAN and SARA HOWARD**
individually and on behalf of all
others similarly situated                                      **PLAINTIFFS**

v.                              CASE NO. *4:14CV478-BRW*

**TRANSAMERICA LIFE INSURANCE COMPANY**              **DEFENDANT**

---

## COLLECTIVE-ACTION COMPLAINT

---

Come now Plaintiffs, Ann Wiseman and Sara Howard, by and through their

attorneys, Holleman & Associates, P.A., and for their Collective-Action Complaint

against Transamerica Life Insurance Company, states and alleges as follows:

### I. INTRODUCTION

*This case assigned to District Judge Wilson*
*and to Magistrate Judge Kearney*

1.     This is a collective action under the Fair Labor Standards Act for wages

owed.

2.     Defendant Transamerica Life Insurance Company ("Transamerica")

provides life insurance, both directly to consumers and through employer-sponsored

plans. As part of its operations, Transamerica has a call center and payment processing

facility in Little Rock, Arkansas. Plaintiffs are billing specialists who work in the Little

Rock facility.

3.     Billing specialists typically work 9 hour shifts, five days a week. Because

of the large volume of processing that must be completed, billing specialists must work

off the clock – both before and after their shifts and during one-hour unpaid lunch

breaks. Transamerica is aware that billing specialists work off-the-clock, but it does not compensate them for this time.

4.      Plaintiffs bring this suit on behalf of themselves and all other billing specialists at the Little Rock, Arkansas facility. Plaintiffs seek to recover back wages owed under the Fair Labor Standards Act, liquidated damages, and their costs, expenses and attorneys' fees.

## II. PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Ann Wiseman is a resident of Little Rock, Pulaski County, Arkansas, and she is a citizen of the state of Arkansas. She worked for Transamerica as premium billing specialist at its Little Rock, Arkansas call center. At all relevant times, Wiseman was classified as hourly and non-exempt from the overtime and minimum wage requirements of the FLSA. Her consent to join this action is attached as Exhibit "A."

6.      Plaintiff Sara Howard is a resident of Alexander, Saline County, Arkansas, and she is a citizen of the state of Arkansas. She worked for Transamerica as a premium billing specialist at its Little Rock, Arkansas call center. At all relevant times, Howard was classified as hourly and non-exempt from the overtime and minimum wage requirements of the FLSA. Her consent to join this action is attached as Exhibit "B."

7.      Defendant Transamerica Life Insurance Company ("Transamerica") is an insurance company registered to do business in Arkansas. Transamerica is an "employer" of Plaintiffs and other similarly-situated employees, as defined by 29 U.S.C. § 203(d). Transamerica operates a processing facility and call center in Little Rock,

Arkansas, which is located at 1400 Centerview Drive, Little Rock, Arkansas 722111. Transamerica can be served through its registered agent, The Corporation Company, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8.     At all times relevant herein, Transamerica was the employer of Plaintiffs and all other similarly-situated employees as defined by 29 U.S.C. § 203(d).

9.     Plaintiffs and all similarly-situated employees seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the FLSA, as amended, 29 U.S.C. §§ 215, 216(b) and 217.

10.     Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within this district pursuant to 28 U.S.C. § 1391.

11.     At all times material herein, Plaintiffs and all similarly-situated employees have been entitled to the rights, protection and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

### III. FACTUAL ALLEGATIONS

12.     Plaintiffs, on behalf of themselves and all those similarly situated, re-allege and incorporate by reference all paragraphs above as if they were set forth again herein.

13.     At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protection, and benefits provided by the Fair Labor Standards Act.

14.     At all relevant times, Plaintiffs and all others similarly situated have been "employees" of Transamerica, as defined by 29 U.S.C. § 203(e).

15.     At all relevant times, Defendant was the "employer" of Plaintiffs and all others similarly situated, as defined by 29 U.S.C. § 203(d).

16.     Transamerica has an annual gross volume of sales exceeding $500,000.

17.     At all times relevant to this lawsuit, Transamerica created and enforced company policies and made decisions affecting the wages and hours of its employees, including Plaintiffs and those similarly situated.

18.     Transamerica provides, designs, and markets voluntary group life and supplemental health insurance products underwritten by other Transamerica companies.

19.     To perform these services, Transamerica employs individuals as "billing specialists." These billing specialists are usually scheduled to work nine hour shifts, five days per week. Billing specialists are also usually required to record a one-hour unpaid meal break on their timesheets.

20.     Employees are required to swipe a badge to enter the facility. After entering their work area, employees must "clock in" using a desk phone. At the end of the day, employees must "clock out" on the same phone. These punches are analyzed and employees are given a tardy if they "clock in" more than three minutes after their scheduled shift begins or "clock out" before their scheduled shift ends.

21.     Although employees are required to clock in and out on the desk phone, they are not paid based on the data from the phone. Instead, employees fill out a time sheet, which is used to calculate their pay. In an email dated December 27, 2012, Transamerica requested that its employees submit time sheets with specific times they

requested their employees to work. (*Email* [Ex. C]). Thus, no matter when employees clocked in on the phone system, they had to submit specific hours on their time sheets and were only paid those hours submitted.

22.     Plaintiffs and putative class members routinely arrive early to work in an effort to get their work done. For example, Plaintiff Ann Wiseman typically began working approximately 25 minutes early each day. Wiseman clocked in on her phone when she began working, but pursuant to the policy and practice at the Little Rock facility, she wrote down her scheduled start time on her timesheet. As a result, Wiseman was not paid for the 25 minutes she spent working before her shift.

23.     Likewise, Plaintiff Sara Howard typically began working approximately 15–30 minutes early and sometimes stayed 15–30 minutes late. She also wrote down her scheduled start and end times on her timesheet, despite having to clock in on her phone.

24.     Plaintiffs and putative class members also routinely work through their unpaid lunch breaks. At the Little Rock facility, employees are required to record a one-hour unpaid meal break on their time sheets. Most employees, however, return to work early to get their work done. For example, Plaintiff Ann Wiseman typically only took a 30 minute lunch break before returning to work. Plaintiff Sara Howard often did not get any lunch break, and the ones she had were interrupted. Even when employees returned early, they were required to record a one-hour lunch break on their timesheets.

25.     Transamerica knows that billing specialists are working before and after their start time and during unpaid lunch breaks, but it has not taken any actions to keep

employees from working off-the-clock. The data from the desk phones shows that employees frequently clock in before they are allowed. Despite this knowledge, Transamerica only disciplines billing specialists if the desk phones show the employee clocked in late or clocked out early.

## IV. COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs, on behalf of themselves and all those similarly situated, re-allege and incorporate by reference all paragraphs above as if they were set forth again herein.

27.     Plaintiffs bring this FLSA collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All employees of Transamerica who worked as billing specialists at the Little Rock facility within the previous three years.

28.     Upon information and belief, Plaintiffs believe that the definition of the class may be further refined following discovery of Transamerica's books and records.

29.     There are questions of law and fact common to Plaintiffs and all others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include:

a.      Whether Transamerica unlawfully failed and continues to fail to compensate Plaintiffs and all others similarly situated for hours worked before their scheduled shift began, after it ended, and during their lunch breaks in violation of the FLSA, 29 U.S.C. § 201 *et seq*;

b.      Whether Transamerica unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*;

c.   Whether Transamerica's failure to pay overtime to Plaintiffs and all others similarly situated was willful within the meaning of the FLSA;

d.   Whether Transamerica failed and continues to fail to maintain accurate records of actual time worked by Plaintiffs and all others similarly situated;

e.   Whether Transamerica failed and continues to fail to record or report all actual time worked by Plaintiffs and all others similarly situated;

f.   Whether Transamerica failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiffs and all others similarly situated;

g.   The correct statute of limitations for the claims of Plaintiffs and others similarly situated;

h.   The correct method of calculating back pay;

i.   Whether Transamerica and all others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

j.   Whether Transamerica is liable for pre-judgment interest; and

k.   Whether Transamerica is liable for attorneys' fees and costs.

30.   Plaintiffs' claims are typical of the claims of the class in that they and all others similarly situated were not paid for their time spent working during their lunch breaks and before their shift began and after it ended. This is the predominant issue, which pertains to the claims of Plaintiffs and all others similarly situated.

31.   The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

32.     Plaintiffs will fairly and adequately protect the interests of the class because their interests are in complete alignment with all others similarly situated, i.e., to prove and then eradicate Transamerica's policy of not compensating its employees in billing specialist positions for working overtime.

33.     Counsel for Plaintiffs will adequately protect the interests of Plaintiffs and others similarly situated and is experienced with class and collective litigation and has previously served as class counsel in FLSA litigation.

34.     Plaintiffs and the class they represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice, and custom regarding Transamerica's pay practices.

35.     Transamerica has engaged in a continuing violation of the FLSA.

36.     Plaintiffs and all others similarly situated were denied overtime compensation as a result of Transamerica's pay practices. This violation was intended by Transamerica and was willfully done.

37.     Transamerica's action in denying overtime compensation to Plaintiffs and all others similarly situated was intentional and constitutes a willful violation of the FLSA.

## V. CLAIM I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

38.     Plaintiffs, on behalf of themselves and all those similarly situated, re-allege and incorporate by reference all paragraphs above as if they were set forth again herein.

39.     The FLSA requires Transamerica, as a covered employer, to compensate all non-exempt employees for all hours worked and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

40.     Plaintiffs and all others similarly situated are entitled to compensation for all hours Transamerica "suffered or permitted" them to work.

41.     Plaintiffs and all others similarly situated are entitled to be paid overtime compensation for all overtime hours worked.

42.     At all times relevant to this lawsuit, Transamerica, pursuant to its policies and practices, failed and refused to compensate Plaintiffs and all others similarly situated for work performed in excess of forty (40) hours per week.

43.     At all times relevant to this lawsuit, Transamerica has engaged, and continues to engage, in a willful policy, pattern, and/or practice of requiring or permitting its non-exempt, hourly employees, including Plaintiffs and all others similarly situated, to perform work in excess of forty (40) hours per week without proper compensation.

44.     At all times relevant to this lawsuit, the overtime work performed by Transamerica's non-exempt employees, including Plaintiffs and all others similarly situated, was and continues to be required or permitted by Transamerica and for the benefit of Transamerica. This overtime work is also directly related to such employees' principal employment and is an integral and indispensable part of such employees' employment with Transamerica.

45.     Transamerica violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a), by failing to pay Plaintiffs and all others similarly situated for all hours actually worked and by failing to pay them at least one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et seq.*

46.     The FLSA imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and all others similarly situated, Transamerica has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et seq.*

47.     As a result of Transamerica's violations of law, Plaintiffs and all others similarly situated are entitled to recover from Transamerica the amount of their unpaid

wages and overtime compensation, an additional equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), pre and post-judgment interest, attorneys' fees, litigation expenses and court costs pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### VI. PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated respectfully request this Court:

a.   Certify this action as a collective action for all claims under the Fair Labor Standards Act;

b.   Enter a declaratory judgment that the practices complained of herein are unlawful under Federal law;

c.   Enter a permanent injunction restraining and preventing Transamerica from withholding the compensation that is due to its employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

d.   Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all others similarly situated are entitled;

e.   Award Plaintiffs and all others similarly situated compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rate from a period from three (3) years prior to this lawsuit through the date of trial;

f.   Award Plaintiffs and all others similarly situated liquidated damages in an amount equal to their compensatory damages;

g.   Award Plaintiffs and all others similarly situated all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest;

h.   Grant Plaintiffs and all others similarly situated all such further relief as the Court deems just and appropriate.

i.   Plaintiffs and all others similarly situated demand a jury trial on all issues so triable.

Respectfully submitted
this 13th day of August, 2014,

By:

John Holleman - AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson - AR Bar #2009111
maryna@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

and

Lloyd "Tre" Kitchens, ABN 99075
THE BRAD HENDRICKS LAW FIRM
500 C Pleasant Valley Drive
Little Rock, AR 72227
Telephone (501) 588-0549
Facsimile (501) 661-0196

**Transamerica Worksite Marketing**

## PLAINTIFF CONSENT FORM

### CONSENT TO JOIN

I hereby consent to join the action as a Plaintiff against the above referenced Defendant or any other individual or entity who may be liable as an employer under the Fair Labor Standards Act.   If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against above referenced Defendants for violations of the Fair Labor Standards Act. As an employee or former employee of above referenced Defendant, I consent to becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES, P.A., and THE BRAD HENDRICKS LAW FIRM, and to be bound by any settlement of this action or adjudication of the court.

ANN E. Wiseman
Print Name

Dan E Wisema
Signature

4/16/14
Date



May 05 14 10:06a     Sara Howard                    501-847-6496            p.4

Transamerica Worksite Marketing

---

### PLAINTIFF CONSENT FORM

---

### CONSENT TO JOIN

I hereby consent to join the action as a Plaintiff against the above referenced Defendant

or any other individual or entity who may be liable as an employer under the Fair Labor

Standards Act.   If this case does not proceed collectively, I also consent to join any subsequent

action to assert claims against above referenced Defendants for violations of the Fair Labor

Standards Act. As an employee or former employee of above referenced Defendant, I consent to

becoming a party Plaintiff to this lawsuit, to be represented by HOLLEMAN & ASSOCIATES,

P.A., and THE BRAD HENDRICKS LAW FIRM, and to be bound by any settlement of this

action or adjudication of the court.


*Sara Howard*
Print Name

*Sara Howard*
Signature

*05/08/14*
Date


EXHIBIT

B

## Wiseman, Ann

| | |
|---|---|
| **From:** | Lemons, Patti |
| **Sent:** | Thursday, December 27, 2012 3:28 PM |
| **To:** | TEB_Billing & Eligibility |
| **Subject:** | Hours for rest of Week |
| | |
| **Importance:** | High |

Due to the weather conditions we have been having and the need to ensure we meet the business needs for year-end, we are asking that all people plan to work the following:
Today-please leave at your regular time.
Friday- please plan to work at least 10 hours between the hours of 7am-7pm.  You may choose to take a 30 min or 1 hour lunch.
Saturday-we will work from 7am-430pm with a 30 min lunch.  We will be providing lunch.
We will be evaluating our needs for Sunday.

We appreciate all of you working with us, and we are certainly sorry to ask you to work additional time.  However, the business needs for year-end impact each of us, as well as the organization.  As we get closer to Monday, New Year's Eve, we will be evaluating the business needs;  and we will let you know the plan in as much advance as we possibly can.

***Please submit your time sheets TODAY with the hours listed above***.  If we realize that these hours need adjusted due to workload, we will adjust and then adjust time sheets.

Thank you alllllll



**EXHIBIT**

C

1